J. RUSSELL CUNNINGHAM, State Bar #130578
ERIC R. GASMAN, State Bar #260639
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Richard J. Hanf
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

In re:

ERNESTO DIAZ,

Debtor.

Case No. 07-28426-C-7
Chapter 7

DCN: DNL-15

Date: January 27, 2010
Time: 9:30 a.m.
Place: Dept. C, Courtroom 35
501 I Street, 6th Floor
Sacramento, CA. 95814

## MOTION TO APPROVE SALE OF 1026 BENICIA ROAD

RICHARD J. HANF ("Trustee") hereby moves for authority to sell the real property consisting of approximately .516 acre, including a two bedroom-one bathroom residence that has sustained significant fire damage, at 1026 Benicia Road, Vallejo, Solano County AP# 0071-250-310, California ("1026 Benicia Road"), to Karmel Toor and Gurmit Toor (hereinafter collectively "Buyers") for $87,500, subject to bankruptcy court approval and over-bidding at the hearing on this motion. The sale will be free and clear of the following liens, encumbrances, and claims of interest pursuant to 11 U.S.C. Section 363(f)(3):

| Claimant | Description |
|---|---|
| Internal Revenue Service | Pre-petition tax lien paid down post-petition to the approximate sum of $245,306.59 through June 24, 2009, including interest and penalties. As with prior asset sales in this case, Trustee will obtain claimant |

1

| | |
|---|---|
| Foley, McIntosh, Frey & Claytor | Pre-petition abstract of judgment paid down pre-petition to $13,608.45 through May 29, 2009, including post-petition interest. The claim is the subject of a bonafide dispute in Adversary Proceeding No. 09-02522, in which Trustee seeks relief under 11 U.S.C. Sections 547 and 502(d). |

consent by approval of the form of the order granting this motion.

Trustee will also apply for allowance to Ethos Real Estate of a 5% commission as a Chapter 7 administrative expense and authorizing Trustee to pay same from escrow, along with the undisputed real property taxes, assessments and utilities, estimated to be about $12,000. In support thereof, Trustee respectfully represents that:

1. This case was commenced by the filing of a voluntary Chapter 11 petition on October 10, 2007 by the debtor and converted to Chapter 7 for cause on October 14, 2008.

2. On August 12, 2008, Trustee was appointed as trustee for the above-captioned bankruptcy estate.

3. Among the assets of the estate is 1026 Benicia Road, subject to the claims of lien described above.

4. On August 12, 2009, the bankruptcy court granted RJH-17, Trustee's application for authority to employ Ethos Real Estate, a real estate broker whose employment by the debtor had been approved in February 2008, to list and sell 1026 Benicia Road for a commission of 5% of the gross sale price.

5. Trustee and Buyers, by and through the efforts of Ethos Real Estate, have entered into a purchase and sale agreement, including 2 addenda, the terms of which includes: (a) Buyers shall accept 1026 Benicia Road in "as-is" condition; (b) Buyers have tendered a $20,000 deposit non-refundable in all events except if Buyers are overbid; (c) Buyers shall pay an additional $30,000 at close of escrow; (d) Trustee shall carry back an interest-only note secured by a first trust deed against 1026 Benicia Road for $37,500 for a period of no more than 3 months at an annual interest rate of 5%; and (e) Trustee shall pay all liens against 1026 Benicia Road. Those terms are the product of extended negotiations between Trustee and Buyers.

6. Approving the sale is in the best interests of the estate because: (a) the residence

located at 1026 Benicia Road has sustained extensive fire damage and there is a continuing risk associated with owning fire-damaged real property; (b) 1026 Benicia Road has been exposed to the market for nearly 2 years with the assistance of a real estate professional,

WHEREFORE, Trustee prays for an order: (a) approving the sale pursuant to the terms of the purchase and sale agreement, and free and clear of the liens, encumbrances, and claims of interest of Internal Revenue Service and Foley, McIntosh, Frey & Claytor; (b) allowing Ethos Real Estate a 5% commission as a Chapter 7 administrative expense and authorizing Trustee to pay same from escrow, along with the undisputed real property taxes, assessments and utilities; (c) authorizing Trustee to take all steps necessary to complete the transaction; and (d) such other and further relief as is necessary and proper.

DATED: December 30, 2009     **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _/s/ J. Russell Cunningham_
J. RUSSELL CUNNINGHAM
Attorney for Richard J. Hanf
Chapter 7 Trustee

3